■ In the Matter of PAULINA C. VICTORIANO CANDIA, Respondent, v SALVATORE MENDOZA CRUZ, Appellant. [4 NYS3d 237]—

Appeals from (1) an order of protection of the Family Court, Queens County (Hunt, J.), dated May 31, 2013, and (2) an order of that court dated June 20, 2013. The order of protection, after a fact-finding hearing, and upon a finding that Salvatore Mendoza Cruz committed the family offenses of forcible touching, disorderly conduct, and harassment in the second degree, directed him to stay away from, among other people, the petitioner for a period up to and including May 31, 2015. The order dated June 20, 2013, after a hearing, and upon a finding that Salvatore Mendoza Cruz violated a temporary order of protection, placed him on probation for a period of 12 months.

Ordered that the appeal from the order dated June 20, 2013, is dismissed as academic, as that order has expired by its own terms; and it is further,

Ordered that the order of protection is affirmed, without costs or disbursements.

The petitioner filed a petition against the appellant alleging that he committed certain family offenses. Upon the appellant's failure to timely appear for the fact-finding hearing, the court denied his counsel's request to adjourn or second call the case. Upon the appellant's default and the petitioner's testimony, the Family Court made a finding that the appellant committed the family offenses of forcible touching, disorderly conduct, and harassment in the second degree. Although the appellant's counsel was present at the fact-finding hearing, he did not cross-examine the petitioner or present any evidence.

Before the hearing was adjourned, the appellant appeared in court, and his counsel asked the Family Court to set aside the

findings made on default and to proceed with a new fact-finding hearing. The court advised the appellant's counsel that he was free to make a formal written motion to set aside the appellant's default and the fact-finding or that his client could proceed by testifying in court and not cross-examining the petitioner. After the appellant conferred with his counsel off-the-record, both he and his counsel acknowledged that they agreed to accept the option that the court would reopen the fact-finding hearing to allow the appellant to testify with the understanding that the appellant would not cross-examine the petitioner.

Under the circumstances presented, we reject the appellant's contention that he was coerced to forgo his opportunity to cross-examine the petitioner.

Accordingly, we affirm the order of protection. Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.